THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. CHRISTOPHER MILLER, LAWRENCE GARAVANTE AND EDWARD HOLMES, PLAINTIFFS IN ERROR.

Decided February 20, 1923.

For the plaintiffs, *Ziegener & Lane.*

For the defendant, *Pierre P. Garven.*

PER CURIAM.

The first point made in the assignments of error and the specification of causes for reversal is that the verdict was against the weight of the evidence. An examination of the case shows that the material point was the identification of the defendant. No doubt there was, as there usually is, conflict in the testimony and some uncertainty about the identification. There was no clear proof of the *alibi* set up by the defendants. We cannot say that upon the whole evidence there was anything to justify us in saying that the verdict was against the weight of the evidence so that this court would be authorized to set it aside under the act of 1922. We think there was sufficient proof to satisfy a jury beyond a reasonable doubt.

As to the various questions asked of Miller, covered by assignments of error No. 5 to No. 11, inclusive, they dealt with matters that may have been important circumstances bearing upon the main issue.

As to the remarks of the prosecutor they were within the discretion of the trial judge. Counsel are getting in the habit of treating the remarks of prosecutors who are advocates as if they were judicial officers. The court cannot control the zeal of the advocate for the state any more than it can of the advocate for the defendant, and it must be a very flagrant case that would justify a court in dismissing the jury because of statements by the prosecutor of the pleas. We think that no harm was done the defendant by excusing the juror Kramer from service. It must be remembered that the right of the defendant is to challenge; that is, to exclude from service on the jury one who is disqualified by malice or otherwise. It is not a right to select any particular juror whom a defendant may prefer to have upon the jury; that is to say, it is a right of exclusion not a right of selection.

This disposes of the various objections that are made and the judgment must be affirmed.